IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| **FRANCISCO JOSE AGUILA,** § | | |
| Institutional ID No. 98054-198, § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| V. § | | CIVIL ACTION NO. |
| § | | 6:09-CV-027-BF |
| **CORRECTION CORPORATION** § | | ECF |
| **OF AMERICA, , et al.,** § | | |
| § | | |
| **Defendants.** § | | Assigned to U.S. Magistrate Judge |

## ORDER TO DISMISS WITH PREJUDICE AS FRIVOLOUS

Plaintiff, previously a federal prisoner confined to Eden Detention Center ("EDC") in Eden, Texas, and currently residing in Capital City, California, is proceeding *pro se* and *in forma pauperis*. This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). Plaintiff alleges that Correction Corporation of America ("CCA"); Eden Detention Center ("EDC"); various EDC personnel; the warden of Federal Correctional Institution - Elkton in Elkton, Ohio ("FCI Elkton"); the Federal Bureau of Prisons ("BOP"); S. Helm; the City of Eden; Concho County; the State of Texas; and the United States were deliberately indifferent to his serious medical needs. The court entered an Order Setting Evidentiary Hearing on April 27, 2009 (Doc. 6), setting an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. § 1915 and requiring EDC officials to provide authenticated copies of Plaintiff's records relevant to the claims in Plaintiff's complaint. Plaintiff appeared at the hearing and testified in his own behalf. In his complaint, Plaintiff consented to having the United States magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c).

The court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

## I. BACKGROUND

In his complaint and in his testimony, Plaintiff alleges that:

1. Plaintiff was previously confined to the FCI-Elkton. He was transferred to EDC on January 17, 2008.

2. While at FCI-Elkton, Plaintiff underwent surgery. A physician recommended epidural injections. However, medical administrator John Maneti indicated in Plaintiff's medical record that no follow-up was needed. The physician treating Plaintiff then indicated that no follow-up was needed, "as per Maneti." Plaintiff was thereafter transferred.

3. Plaintiff was issued a back brace while ta FCI–Elkton. Plaintiff brought it with him as "property" during his transfer. However, the brace was confiscated at Plaintiff's new unit because it was not from an approved outside referral source.

4. Plaintiff submitted various requests and was seen by medical personnel. However, despite his requests, Plaintiff was prescribed naproxen and told to continue with such medication. Plaintiff was not given the epidural injections that he sought.

Plaintiff is seeking an award of damages and injunctive relief.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

The court, having conducted a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(d), finds that Plaintiff has failed to state cognizable constitutional claims for deliberate indifference to his serious medical needs against any of the Defendants.

**A.     Personal Involvement and Official and Supervisory Capacity Claims**

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Supervisory officials may be held liable only if they (i) affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't Of Crim. Justice, Institutional Div.*, 37 F. 2d 1146, 1150 (5th Cir. 1994). Plaintiff's

complaint and testimony demonstrate that CCA, EDC, the BOP, the warden of FCI-Elkton, the City of Eden, Keith Hall, Mr. Carpenter, Charles Felts, Willard Wagner, Mr. Ortiz, Mr. Aguilar, Ms. Meadows, Mr. Tony Lopez, Mr. Overstreet, Mr. Reyes, Mr. S. Helm, Concho County, the State of Texas, and the United States were not personally involved in the alleged constitutional deprivations. The court finds that Plaintiff has failed to state cognizable constitutional claims against the wardens of BSSC, based on their supervisory capacities, and the claims against them should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**B.  Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that the Defendants have been deliberately indifferent to his serious medical needs, arguing that he should be provided with epidural injectios for his lower back pain.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105-07. In order to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of

mind." *Hall v. Thomas*, 190 F.3d 693, 698 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety." *Hall*, 190 F.3d at 697 (citations and brackets omitted). Moreover, "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id*.

The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall*, 190 F.3d at 697 (citing *Estelle*, 429 U.S. at 105). Neither "'negligence, neglect, or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson*, 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart*

*v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; the Plaintiff must show that the Defendants were "deliberately indifferent." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, the Plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

Plaintiff testified that he was treated by medical personnel at each of the institutions to which he was confined. He testified that while at FCI-Elkton, he underwent surgery, was permitted to have a back brace, and was treated with medications. Plaintiff testified that while a physician initially recommended epidural injections, the same physician later noted that Plaintif required no further treatment, essentially agreeing with Maneti. He testified that at EDC, medical officials found that medication was the appropriate mode of treatment for his lower back pain. Plaintiff's allegations fail to demonstrate that the Defendants refused to treat him, ignored his complaints, intentionally

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Domino*, 239 F.3d at 756. Plaintiff's allegations of negligence or medical malpractice are insufficient to support a finding of liability. Negligence does not give rise to a § 1983 cause of action, and to the extent to which Plaintiff claims that the Robertson Unit staff and medical personnel were negligent in providing him treatment, the allegations of negligence are insufficient to support a finding of liability. *Varnado*, 920 F.2d at 321.

Plaintiff testified that he was treated with medication and was found to not require a another back brace.. Even if Plaintiff was not satisfied with the level of relief provided by the examination of his injury, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321. Plaintiff's allegations demonstrate with the determination that he not be given epidural injections is actionable under § 1983 only if there were exceptional circumstances. *See Varnado*, 920 F.2d at 321. Plaintiff does not demonstrate that any exceptional circumstances were present. Any dissatisfaction with the results of his treatment and a desire to find more efficacious treatment do not demonstrate deliberate indifference to Plaintiff's serious medical needs, and his allegations fail to demonstrate any other conduct that clearly evinces a wanton disregard for any serious medical needs by any of the Defendants. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Domino*, 239 F.3d at 756. Plaintiff's disagreement with the types of treatment provided or allegations of medical malpractice or negligence do not rise to the level of a constitutional claim for deliberate indifference to his serious medical needs. The decision whether to provide additional treatment or of what specific treatment to provide "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *Domino*, 239 F.3d at 756. Plaintiff's disagreement with Defendants as to the type of care needed does not provide the basis for a claim of deliberate

indifference to Plaintiff's serious medical needs, as there are no exceptional circumstances in this case.

Having fully considered Plaintiff's allegations in his complaint, and his testimony, the court finds that Plaintiff has failed to state a cognizable constitutional claim for deliberate indifference to his serious medical needs against any Defendant. Therefore, Plaintiff's claims against all Defendants for deliberate indifference to his serious medical needs should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### C. Official Capacity Claims

Plaintiff has not indicated whether asserts his claims against each of the Defendants in their official and individual capacities. The court has already found that each of Plaintiff's claims asserted against these Defendants should be dismissed with prejudice as frivolous.

Suits against federal officials under *Bivens* may only be asserted in his or her individual capacity. *Bivens*, 510 U.S. at 485. Plaintiff's claims against the Defendants in their official capacities and against the Bureau of Prisons are barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (wherein the Supreme Court noted that "the purpose of *Bivens* is to deter individual federal officers from committing constitutional violations," not to deter a federal agency or the United States). Therefore, Plaintiff's *Bivens* claims asserted against the EDC and FCI-Elkton Defendants in their official capacities, the Bureau of Prisons, and the United States, for an award of money damages lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff has asserted no factual basis for his claims against the City of Eden, Concho County, or the State of Texas.

Insofar as Plaintiff seeks to assert any claims against Concho County or the City of Eden, Plaintiff must show that these officials acted wrongly through either official policy or custom. *Monell v. New York City Dep't of Social. Serv.*, 436 U.S. 658 (1978). "Municipal liability under 42 U.S.C. § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing and quoting from *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)). "Municipal liability cannot be sustained under a theory of *respondeat superior*." *Id*. Rather, the "unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* (cited in *Rivera* at 247). Plaintiff's allegations fail to demonstrate an official policy or violation of a constitutional right whose moving force was the policy complained of in this action. Therefore, any claims against any the City of Eden and Concho County should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to § 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). Plaintiff's claims against the State of Texas lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III. CONCLUSION

The court has considered Plaintiff's allegations in his complaint, as well as his testimony and supplemental documents. The court finds that Plaintiff has failed to state cognizable constitutional claims against any Defendant on his claims that he was subjected to deliberate indifference to his serious medical needs, as asserted against the named Defendants in their individual, official, municipal, or supervisory capacities.

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims for deliberate indifference to Plaintiff's serious medical needs, as asserted against all Defendants, based on their supervisory, official, municipal, or individual capacities, are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

DATED this 30th day of September, 2011.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**